THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re KI CHANG PARK, SOON OAK YOO,

               Debtors,

KI CHANG PARK, et al.,

               Appellants,

    v.

DAVID A. GEBBEN

               Appellee.

CASE NO. C12-296 RAJ

[BANKR. NO. 10-22961 MLB]

ORDER GRANTING
APPELLEE'S MOTION FOR
DISMISSAL OF APPEAL

## I. INTRODUCTION

This matter comes before the court on appeal pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8001(a) from the order issued on February 3, 2012 by the United States Bankruptcy Court for the Western District of Washington ("the Bankruptcy Court") (Dkt. # 1-1 (Notice of Appeal)), and on Appellee's motion to dismiss the appeal (Dkt. # 19). The Bankruptcy Court's order, among other things, authorized Appellee to sell certain real property of Appellants located in Kenmore ("the Kenmore Property"),

Case 2:12-cv-00296-RAJ   Document 31   Filed 02/01/13   Page 2 of 9

approved the stipulation for avoidance of the pre-bankruptcy transfer of the Kenmore Property to Appellants, directed Appellants to turn over the Kenmore Property to Appellee, and granted other related relief. *Id.* In appealing the order, Appellants argue that Appellee has failed his duties "while serving as the Chapter 11 trustee." Dkt. # 13 at 4-9. Appellee, in response, argues that this appeal does not pertain to the Bankruptcy Court's order or relief granted therein, and that the sale of the Kenmore Property is not subject to reversal or modification on appeal.[1] Dkt. # 19 at 6-8. Having considered the papers submitted and the balance of the record, the court GRANTS Appellee's motion for dismissal of this appeal for the reasons stated below.

## II. BACKGROUND

Appellee represents that on October 28, 2010, Appellant Ki Chang Park filed a petition under Chapter 13 of the Bankruptcy Code to which Appellant's wife, Soon Oak Yoo, was subsequently added as a joint debtor. Dkt. # 19 at 2. The Chapter 13 case was converted to a case under Chapter 11 of the Bankruptcy Code on December 20, 2010, and Appellee was appointed to serve as Chapter 11 Trustee in the case on March 24, 2011. *Id.* at 2-3. On July 18, 2011, upon Appellee's motion, the Chapter 11 case was converted to Chapter 7. *Id.*

On December 22, 2011, Appellee filed a motion, pursuant to 11 U.S.C. § 363, seeking an order of the Bankruptcy Court authorizing to sell the Kenmore Property, to approve a stipulation for avoidance of the pre-bankruptcy transfer of the Kenmore Property to Appellants, to turn over the Kenmore Property to Appellee, and other related relief. Dkt. # 19 at 3 (Bankr. Dkt. # 195). Appellants opposed the motion by arguing that Appellee failed to perform his duties as trustee to investigate certain "intentional and

---

[1] Appellee raises largely the same arguments in his response and motion to dismiss.

1  unintentional acts and maneuvers" of the creditors, their "attorneys, officers and agents."[2]

2  Dkt. # 19-3 (Bankr. Dkt. # 200).  Appellants, however, did not object to the proposed sale

3  of the Kenmore Property and did not challenge any of the terms of the proposed sale. *Id*.

4  Nor have Appellants disputed Appellee's right to sell the Kenmore Property or disagreed

5  that the proposed buyer was a good faith purchaser for value. *Id*.

6       The Bankruptcy Court, on February 3, 2012, heard oral arguments on Appellee's

7  motion and entered a final judgment authorizing Appellee to sell the Kenmore Property

8  and granting certain other related relief. Dkt. # 19-6 (Ex. E to Kriegman Decl.) (Bankr.

9  Dkt. # 205).  At the hearing, the Bankruptcy Court made it clear that it was making no

10  determination on the issues relating to Appellee's "performance or non-performance [as]

11  trustee," and that such issues were not subject of the order.[3] *See* Dkt. # 27 at 10-12

12  (Transcript) (Bankr. Dkt. # 212 at 54-56).

13       On February 22, 2012, this court received Appellants' notice of transmittal of

14  appeal from the February 3 order of the Bankruptcy Court. Dkt. # 1.  Appellants filed

15  their opening brief on June 18, 2012.

16

17                           **III. ISSUES ON APPEAL**

18       To the extent issues are inferable from Appellants' contentions,[4] Appellants

19  appear to present the following issues on appeal: (1) whether the Bankruptcy Court erred

20  [2] According to Appellants, "[t]he lies, deceptions, asset theft and manipulations … are
21  reminiscent of the acts of the Nazis in Germany … against the Jews." Dkt. # 19-3 (Bankr. Dkt. #
    200 at 9).
22  [3] The Bankruptcy Court stated, "I'm not making any factual or legal determination as to whether
    … the trustee has done a good job, a bad job, an indifferent job. That is not part of the relief
23  that's in front of me. … So I am not making -- I'm affirmatively not making any ruling on such
    issues." *See* Dkt. # 27 at 10-12 (Transcript) (Bankr. Dkt. # 212 at 55-56).
24  [4] *See In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc*., 104 F.3d 1147 (9th Cir. 1997);
25  *see also Energrey Enters., Inc. v. Oak Creek Energy Sys., Inc*., 119 B.R. 739 (E.D. Cal. 1990),
    *aff'd*, 956 F.2d 1167 (9th Cir. 1992) ("Any issue that is not listed … and is not inferable from the
26  issues listed can be deemed waived on appeal.").  Although the court need not consider issues
    not addressed in the opening brief, *Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 726
27  (9th Cir. 1992), the court notes that the issues listed in Appellants' reply brief do not deviate

in granting its order as it may pertain to Appellee's alleged failure to perform his duties as the Chapter 11 trustee; and (2) whether the Bankruptcy Court erred in its order authorizing the sale of the Kenmore Property and granting other related relief when Appellants did not identify any valid factual or legal basis for challenging the sale.[5]

## IV. ANALYSIS

Pursuant to 28 U.S.C. § 158(a)(1), federal district courts have mandatory jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992).  On appeal from an order of the Bankruptcy Court, the district court reviews conclusions of law de novo and findings of fact for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).

In bankruptcy matters, federal district courts sit as appellate courts, and a district judge's job is analogous to that of an appellate court. *In re C. S. Crawford & Co.*, 423 F.2d 1322, 1325 (9th Cir. 1970); 28 U.S.C. § 158(c)(2).  It is well-settled that issues raised on appeal are limited to those addressed below. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the [trial] court."); *In re Perez*, 30 F.3d 1209, 1214 (9th Cir. 1994) (emphasizing that the reviewing court generally may not consider issues on appeal that "cannot be resolved without further development of the record" by a court below); *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991) ("[A]n appellate court will not reverse a district court on the basis of a theory that was not raised below.").

If an appellant fails to adhere to the guidelines for filing a bankruptcy appeal, a reviewing court may take any measures that it deems appropriate, including dismissal of the appeal. *See In re Pei Ti Tung*, C04-2194L, 2005 WL 2001918, at *1 (W.D. Wash.

---

from their argument regarding Appellee's non-performance as trustee. *See* Dkt. # 29 at 4 (Appellants Reply Brief).

[5] To dispose of the issues on appeal, this court also considers the issues raised in Appellee's brief. *Smith v. Arthur Andersen LLP*, 421 F.3d 989 (9th Cir. 2005) (reviewing courts may consider an issue not raised in the appellant's opening brief if it is raised in the appellee's brief).

1    Aug. 17, 2005); Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other
2    than timely filing a notice of appeal … is ground … for such action as the district court
3    … deems appropriate, which may include dismissal of the appeal."); *see also In re*
4    *Fitzsimmons*, 920 F.2d 1468, 1473 (9th Cir. 1990) ("[I]n 'egregious circumstances' a
5    court may dismiss a case for noncompliance with procedural rules without explicit
6    consideration of alternative sanctions.").  Although dismissal of the appeal for violations
7    of a procedural rule is a harsh penalty, a record of dilatory behavior may constitute an
8    egregious circumstance justifying dismissal. *Id.*
9         Here, "[t]he violations are legion." *N/S Corp. v. Liberty Mutual Ins. Co.*, 127 F.3d
10   1145, 1146 (9th Cir. 1997).  Appeals pursuant to 28 U.S.C. § 158(a)(1) are implemented,
11   *inter alia*, by Fed. R. Bankr. P. 8010, which is written in mandatory terms, and clearly
12   states that Appellants' brief "*shall* contain" certain information, under appropriate
13   headings, and in a particular order. Fed. R. Bankr. P. 8010 (emphasis added).  Appellants
14   failed to do so.  In addition to having no appropriate jurisdictional statement, Fed. R.
15   Bankr. P. 8010(a)(1)(B), no statement of the issues presented and applicable standard of
16   appellate review, Fed. R. Bankr. P. 8010(a)(1)(C), Appellants' brief fails to include a
17   statement of the facts relevant to the issues presented, with *appropriate references to the*
18   *record*, Fed. R. Bankr. P. 8010(a)(1)(D) (emphasis added).[6]  Appellants' "mere handful
19   of generalized record citations" elsewhere in the brief is not helpful in narrowing focus of
20   the court to the portions of the record necessary to reach a decision.  An intelligible
21   conclusion stating the precise relief sought, as required by Fed. R. Bankr. P.
22   8010(a)(1)(F), is also lacking.
23        As with briefing deficiencies, failure by an appellant to provide relevant excerpts
24   of record may be sufficient grounds to justify dismissal. *In re Morrissey*, 349 F.3d 1187,
25   1190-91 (9th Cir. 2003); *see also Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*,

---

26
27   [6] Worse yet, when notified by Appellee of their dereliction, Appellants filed a non-compliant
     reply brief in which they entirely omitted the standard of appellate review section. *See* Dkt. # 29.

136 F.3d 1241, 1244 (9th Cir. 1998) ("An incredible amount of time is wasted when members of [the] court must wade through a voluminous … record … after the attorneys have failed to provide proper excerpts of record that should have supplied the court with the materials relevant to the appeal."); *In re CPDC Inc*., 221 F.3d 693 (5th Cir. 2000) ("The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts.").  In this case, Appellants provided neither relevant record excerpts nor *any* record excerpts for that matter.  Appellants essentially left it up to the court to figure out the relevant part of the record, thus, making review of the Bankruptcy Court's ruling "considerably more difficult than it ought to have been." *N/S Corp*., 127 F.3d at 1146.

Furthermore, Appellants' designation of the record on appeal, pursuant to Fed. R. Bankr. P. 8006, is unreasonably broad.  In essence, Appellants designated almost the entire record, including docket entries in their entire bankruptcy case that appear to be unrelated to the appealed order.  Failure by an appellant to designate a record sufficient to enable a meaningful appellate review of the ruling below can serve as a basis for dismissal of the appeal, *Dela Rosa*, 136 F.3d at 1243 n.1, or for summary affirmance of the ruling, *Lowery v. United States*, 258 F.2d 194, 196 (9th Cir. 1958); *see also In re Wynn*, 112 B.R. 9, 10 (N.D. Tex. 1990) (holding that unreasonably broad designation amounts to no designation at all).  Here, Appellants' designation of the record is "so broad as to be burdensome, unreasonable, and useless to either the Court or the Appellee." *Id*. at 10.

In sum, Appellants violated a number of bankruptcy court rules and have "seen fit" to proceed on a record that leaves much to be desired.  Although the court believes that Appellants' procedural inadequacies justify dismissal, the court is also mindful that the responsibility for filing appellate memoranda lies with counsel.  While it is true that "the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client," *In re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985), it is also true that

1  "when the attorney errs, the client suffers," *In re Fitzsimmons*, 920 F.2d at 1472.

2  Although Appellants counsel's "faults and defaults" are not without evidence,[7] the court

3  yet again declines to punish counsel's clients.  The court warns Appellants' counsel,

4  however, that this pattern of non-compliance with rules of practice and procedure will no

5  longer be tolerated.  "In order to give fair consideration to those who call upon us for

6  justice, we must insist that parties not clog the system by presenting us with a slubby

7  mass of words rather than a true brief." *N/S Corp.*, 127 F.3d at 1146.  Although the court

8  will give Appellants the benefit of the close review, the court believes that, under the

9  circumstances, Appellants are not entitled to have the court elaborate extensively on the

10  reasons for finding their appeal unmeritorious and moot. *See id.* at 1147.

11       After careful review of the record, the court finds that the issue relating to

12  Appellee's "non-performance" as trustee was not properly briefed and argued before the

13  Bankruptcy Court, and, as such, was not subject to the order now on appeal.[8]  Because

14  the Bankruptcy Court judgment does not articulate this analysis, the court is not in a

15  position to meaningfully review whether the Bankruptcy Court's findings are clearly

16  erroneous and whether its legal conclusions are contrary to law. *See In re Perez*, 30 F.3d

17  1209, 1213 (9th Cir. 1994) ("The principal reason we require parties to raise an issue in

18  the trial court is to give that court an opportunity to resolve the matter … [W]hen matters

19  are first raised in the trial court, it's possible to develop the record as needed to present

20  the issue properly on appeal."); *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir.

21  1981) (holding that an appellate court is to review what happened in the court below, and

22

23

24

---

25  [7] The court previously admonished Appellants' counsel for failure to file a properly sworn declaration to support an emergency motion after counsel failed to timely file the opening brief.

26  *See* Dkt. # 28.

27  [8] In fact, Appellants represent that this issue is currently being briefed for an argument before the Bankruptcy Court. *See* Dkt. # 13 at 6.

that an appeal "does not grant a license to build a new record").  Therefore, this appeal is not meritorious.[9]

The court also finds that the Bankruptcy Court did not err in its order authorizing the sale of the Kenmore Property and in granting other related relief when Appellants did not identify any valid factual or legal basis for challenging the sale.[10]  The record shows that Appellants did not challenge any terms of the proposed sale of the Kenmore Property, and Appellants' failure to obtain a stay resulted in the sale being closed.  Here, Appellants not only failed to obtain a stay from the Bankruptcy Court order, they did not even apply for one.  Even if Appellants' brief was to be construed generously according to its intended purpose, it would still be apparent from the record that this appeal is moot. *See In re Thorpe Insulation Co*., 677 F.3d 869, 881 (9th Cir. 2012) (noting the need for finality in bankruptcy and emphasizing that the bankruptcy appeal is equitably moot when a stay pending appeal is not sought); *In re Mann*, 907 F.2d 923, 926 (9th Cir. 1990) (holding that debtor's failure to obtain a stay of the foreclosure sale pending appeal rendered the appeal moot where the sale could not be set aside); *In re Roberts Farms, Inc*., 652 F.2d 793, 798 (9th Cir. 1981) ("If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well may be the end of his appeal.").

---

[9] Relying on *Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238 (1944), Appellants also appear to contend that Appellee committed fraud upon the court. *See* Dkt. # 13 at 6-8. *Hazel-Atlas* establishes that a court may grant relief against a final judgment if it was obtained by fraud. *Hazel-Atlas*, 322 U.S. at 248-49.  This authority does not establish, however, that mere allegations of fraud upon a court are sufficient to set aside a final judgment. *See, e.g., Pumphrey v. K.W. Thompson Tool Co*., 62 F.3d 1128 (9th Cir. 1995) (evidence of fraud established by undisputed facts); *In re Intermagnetics America*, 926 F.2d 912 (9th Cir. 1991) (fraud upon the court established by admittedly false declarations).  Thus, the court is not persuaded that *Hazel-Atlas* is relevant where, as here, no evidence supporting a finding of any fraud upon the Bankruptcy Court has been established or even supplied.

[10] Framed as an appeal from the Bankruptcy Court's order, Appellants' brief lacks focus in providing the court with some indication of which factual or legal flaws of that order motivated the appeal. *See* Dkt. # 13.

1

**V. CONCLUSION**

2       For all the foregoing reasons, the court GRANTS Appellee's motion for dismissal

3 of this appeal.  The Clerk of Court is DIRECTED to close this case.

4       Dated this 1st day of February, 2013.

5

6

7                The Honorable Richard A. Jones

8                United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27